■ PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent, v PREMIT GROUP, INC., et al., Appellants. (And a Counterclaim Action.) [704 NYS2d 253] —Orders, Supreme Court, New York County (Ira Gammerman, J.), entered on or about August 31, 1998, December 9, 1998 and April 21, 1999, which, *inter alia*, declared that defendants are in breach of their license agreement with plaintiff, that plaintiff is released from making any further payments under the license, and that the license otherwise remains in effect, unanimously affirmed, without costs.

The motion court correctly held that the Federal court judgment determining that two additional individuals had contributed to the invention of the patented system, and were therefore co-owners of the patent that defendants had licensed to plaintiff, constituted an incurable material breach of defendants' warranty of sole ownership of the patent under the license agreement, and properly released plaintiff from any obligation to make further royalty payments thereunder. Under applicable Federal law, the issuance of the patent gave rise to an equitable ownership interest therein of co-inventors not named therein, carrying with it the right of such co-inventors to license others to use the patent without the consent of other co-owners (*see*, 35 USC § 262; *Ethicon, Inc. v United States Surgical Corp.*, 135 F3d 1456, 1466 [Fed Cir], *cert denied* 525 US 923; *Schering Corp. v Roussel-UCLAF*, 104 F3d 341, 344 [Fed Cir]). The existence of such equitable co-owners of the

subject patent as of the date of the license agreement was inconsistent with the unambiguous meaning of the licensor's warranty that, as of such date, it was the "sole owner" of the patent, and nothing in the agreement excludes a possible determination of the Federal action adverse to the licensor from the scope of matters constituting a breach of this warranty.

Moreover, the breach of the warranty of sole ownership was material under these circumstances, since it is clear from the plain terms of the agreement, when read in the context of patent law, that the licensor's represented status as "sole owner" of the patent enhanced its bargaining position in negotiating the license agreement, and may well have affected the price plaintiff was willing to pay for the license granted. In this context, the agreed upon remedy of termination of royalty payments for a breach of the warranty serves the obvious function of a price adjustment for a representation of sole ownership that ultimately proved unfounded. We further note that to construe a breach of the warranty of sole ownership to be nonmaterial to the extent such breach would not impair exercise of the license granted would, in view of the aforementioned right of the co-owner of a patent to grant a license without the other co-owners' consent, effectively read the word "sole" out of the warranty, contrary to the well-settled rules of contract interpretation.

We have considered and rejected defendants' remaining arguments. Concur—Nardelli, J. P., Tom, Lerner, Rubin and Friedman, JJ.